SALCINES, Judge.
Edward Mycoff appeals his conviction for first-degree, premeditated murder. He asserts that the trial court erred when it denied his motion for judgment of acquittal, refused to allow evidence of the *1201 victim’s past acts and character to be admitted into evidence, and denied his motion to suppress statements made to law enforcement officers. We affirm.
The facts in this case are tragic. The victim, William Carmine, was the long-time boyfriend of Mycoffs daughter and father of her two children. At trial, a terrible picture was painted of the life led by My-coffs daughter and her children for a period of approximately five years while they lived with Carmine. The evidence demonstrated that Carmine often beat Mycoffs daughter and was psychologically abusive to her. While Mycoffs daughter did attempt to leave Carmine on several occasions, she would invariably return to live with the father of her children. Over a period of years, Mycoffs daughter and Carmine had been in legal contests concerning the custody of the children. In the year preceding the offense, Carmine had threatened, on at least five occasions, to take the children out of state not to be returned. Carmine made such a threat again only a few days before the shooting.
There was testimony from doctors and friends that Myeoff was depressed about the situation in which his daughter and grandchildren found themselves. . As My-eoff became more deeply depressed, he increasingly abused alcohol. He removed himself from his home and lived at a converted office space at his place of business in order to escape the stress caused by his daughter’s apparently hopeless situation.
At trial, Myeoff testified that he had observed and studied Carmine’s routine ten days before the offense was committed. On the day of the offense, Myeoff determined that he must act and confront Carmine. Myeoff consumed several alcoholic drinks, armed himself with a loaded 9 mm. semi-automatic handgun, and waited for Carmine in front of the daycare center attended by his grandchildren. He testified that he carried the handgun because he was aware that Carmine had the reputation of always being armed.
Carmine escorted his children to the daycare, and as he returned to his vehicle, he was met by Myeoff. Myeoff testified that he did not remember if either he or Carmine spoke. He recalled that Carmine was reaching for the door of his vehicle when Myeoff began to fire his weapon. Myeoff immediately left the area, and Carmine died from the six gunshot wounds which had been inflicted. No weapon was found on Carmine’s person.
We have carefully reviewed the record. The conviction must be affirmed. The trial court correctly denied Mycoffs motion for judgment of acquittal on the charge of first-degree premeditated murder because the evidence supported the conviction. Further, the court did not abuse its discretion in the manner in which it handled Carmine’s character evidence. In spite of questionable tactics used by the police officers leading to Mycoffs confession, the trial court’s conclusion that the confession was voluntary has not been shown to have been clearly erroneous.
Affirmed.
CAMPBELL, A.C.J., and FULMER, J., Concur.